**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| CELLTRACE LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 6:09-CV-294 |
| | § | |
| AT&T INC.; AT&T MOBILITY LLC f/k/a | § | **JURY TRIAL DEMANDED** |
| CINGULAR WIRELESS LLC; T-MOBILE | § | |
| USA, INC.; ALLTEL CORPORATION; | § | |
| ALLTEL COMMUNICATIONS, LLC; | § | |
| ETEX TELEPHONE COOPERATIVE INC.; | § | |
| ETEX COMMUNICATIONS, L.P.; | § | |
| METROPCS COMMUNICATIONS, INC.; | § | |
| METROPCS WIRELESS, INC.; SPRINT | § | |
| NEXTEL CORPORATION; SPRINT | § | |
| SPECTRUM L.P.; SPRINT | § | |
| COMMUNICATIONS COMPANY L.P.; | § | |
| NEXTEL OPERATIONS, INC.; NEXTEL | § | |
| WEST CORP.; NEXTEL OF CALIFORNIA, | § | |
| INC.; NEXTEL COMMUNICATIONS OF | § | |
| THE MID-ATLANTIC, INC.; NEXTEL OF | § | |
| NEW YORK, INC.; NEXTEL SOUTH | § | |
| CORP.; NEXTEL OF TEXAS, INC.; | § | |
| UNITED STATES CELLULAR | § | |
| CORPORATION; and CELLCO | § | |
| PARTNERSHIP d/b/a VERIZON | § | |
| WIRELESS, | | |
| | | |
| Defendants. | | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff CELLTRACE LLC files this Original Complaint against the above-named Defendants, alleging as follows:

### I. THE PARTIES

1.      Plaintiff CELLTRACE LLC ("Celltrace") is a limited liability company organized and existing under the laws of the State of Texas with principal places of business located in Newport Beach, California and Frisco, Texas.

2. Defendant AT&T INC. is a Delaware corporation with its principal place of business at 208 South Akard Street, Dallas, Texas 75202. AT&T Inc. can be served with process through its registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

3. Defendant AT&T MOBILITY LLC f/k/a CINGULAR WIRELESS LLC is a Delaware limited liability company with its principal place of business at Glenridge Highlands Two, 5565 Glenridge Connector, Atlanta, Georgia 30342. AT&T Mobility LLC f/k/a Cingular Wireless LLC can be served with process through its registered agent, Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808. AT&T Mobility LLC f/k/a Cingular Wireless LLC is a subsidiary of Defendant AT&T Inc. Defendants AT&T Inc. and AT&T Mobility LLC f/k/a Cingular Wireless LLC are referred to collectively herein as "AT&T."

4. Defendant T-MOBILE USA, INC. ("T-Mobile") is a Delaware corporation with its principal place of business at 12920 SE 38th Street, Bellevue, Washington 98006. T-Mobile can be served with process through its registered agent, Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

5. Defendant ALLTEL CORPORATION is a Delaware corporation with its principal place of business at One Allied Drive, Little Rock, Arkansas 72202. Alltel Corporation can be served with process through its registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801. Alltel Corporation has been purchased by and is, or has, merged with Defendant Cellco Partnership d/b/a Verizon Wireless.

6. Defendant ALLTEL COMMUNICATIONS, LLC is a Delaware limited liability company with its principal place of business at One Allied Drive, Little Rock, Arkansas 72202.

Alltel can be served with process through its registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801. Defendant Alltel Communications, LLC is a subsidiary of Defendant Alltel Corporation. Defendants Alltel Corporation and Alltel Communications, LLC are referred to collectively herein as "Alltel." Alltel has been purchased by and is, or has, merged with Defendant Cellco Partnership d/b/a Verizon Wireless.

7. Defendant ETEX TELEPHONE COOPERATIVE INC. is a Texas corporation with its principal place of business at 801 Highway 155 North, P.O. Box 130, Gilmer, Texas 75644. Defendant ETEX Telephone Cooperative Inc. can be served with process through its registered agent, Danny N. Kellar, 801 Highway 155 North, P.O. Box 130, Gilmer, Texas 75644.

8. Defendant ETEX COMMUNICATIONS, L.P. is a Texas limited partnership and maintains its principal place of business at 801 Highway 155 North, P.O. Box 130, Gilmer, Texas 75644. Defendant ETEX Communications, L.P. can be served with process through its registered agent, Danny N. Kellar, 801 Highway 155 North, P.O. Box 130, Gilmer, Texas 75644. Defendant ETEX Communications, L.P. is a subsidiary of Defendant ETEX Telephone Cooperative Inc. Defendants ETEX Telephone Cooperative Inc. and ETEX Communications, L.P. are referred to collectively herein as "ETEX."

9. Defendant METROPCS COMMUNICATIONS, INC. is a Delaware corporation with its principal place of business at 2250 Lakeside Boulevard, Richardson, Texas 75082. Defendant MetroPCS Communications, Inc. can be served with process through its registered agent, Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

10. Defendant METROPCS WIRELESS, INC. is a Delaware corporation with its principal place of business at 2250 Lakeside Boulevard, Richardson, Texas 75082. MetroPCS

Wireless, Inc. can be served with process through its registered agent, Corporation Services Company, 701 Brazos, Suite 1050, Austin, Texas 78701.  MetroPCS Wireless, Inc. is a subsidiary of Defendant MetroPCS Communications, Inc.  Defendants MetroPCS Communications, Inc. and MetroPCS Wireless, Inc. are referred to collectively herein as "MetroPCS."

11.     Defendant SPRINT NEXTEL CORPORATION ("Sprint Nextel") is a Kansas corporation with its principal place of business at 6200 Sprint Parkway, Overland Park, Kansas 66251.  Sprint Nextel Corp. can be served with process through its registered agent, Corporation Service Company, 200 SW 30th Street, Topeka, Kansas 66611.

12.     Defendant SPRINT SPECTRUM L.P. ("Sprint Spectrum") is a Delaware limited partnership with a principal place of business at 6500 Sprint Parkway, Overland Park, Kansas 66251.  Sprint Spectrum can be served with process through its registered agent, Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.  Sprint Spectrum is a subsidiary of Defendant Sprint Nextel.

13.     Defendant SPRINT COMMUNICATIONS COMPANY L.P. ("Sprint Communications") is a Delaware limited partnership with a principal place of business at 6500 Sprint Parkway, Overland Park, Kansas 66251.  Sprint Communications can be served with process through its registered agent, The Prentice-Hall Corporation System, Inc., 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.  Sprint Communications is a subsidiary of Defendant Sprint Nextel.

14.     Defendant NEXTEL OPERATIONS, INC. ("Nextel Operations") is a Delaware corporation with a principal place of business at 6500 Sprint Parkway, Overland Park, Kansas 66251.  Nextel Operations can be served with process through its registered agent, Corporation

Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.  Nextel Operations is a subsidiary of Defendant Sprint Nextel.

15. Defendant NEXTEL WEST CORP. ("Nextel West") is a Delaware corporation with a principal place of business at 6500 Sprint Parkway, Overland Park, Kansas 66251.  Nextel West can be served with process through its registered agent, Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.  Nextel West is a subsidiary of Defendant Sprint Nextel.

16. Defendant NEXTEL OF CALIFORNIA, INC. ("Nextel of California") is a Delaware corporation with a principal place of business at 6500 Sprint Parkway, Overland Park, Kansas 66251.  Nextel of California can be served with process through its registered agent, Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.  Nextel of California is a subsidiary of Defendant Sprint Nextel.

17. Defendant NEXTEL COMMUNICATIONS OF THE MID-ATLANTIC, INC. ("Nextel of the Mid-Atlantic") is a Delaware corporation with a principal place of business at 6500 Sprint Parkway, Overland Park, Kansas 66251.  Nextel of the Mid-Atlantic can be served with process through its registered agent, Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.  Nextel of the Mid-Atlantic is a subsidiary of Defendant Sprint Nextel.

18. Defendant NEXTEL OF NEW YORK, INC. ("Nextel of New York") is a Delaware corporation with a principal place of business at 6500 Sprint Parkway, Overland Park, Kansas 66251.  Nextel of New York can be served with process through its registered agent, Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.  Nextel of New York is a subsidiary of Defendant Sprint Nextel.

19. Defendant NEXTEL SOUTH CORP. ("Nextel South") is a Georgia corporation with a principal place of business at 6500 Sprint Parkway, Overland Park, Kansas 66251. Nextel South can be served with process through its registered agent, Corporation Service Company, 40 Technology Parkway South, Norcross, Georgia 30092. Nextel South is a subsidiary of Defendant Sprint Nextel.

20. Defendant NEXTEL OF TEXAS, INC. ("Nextel of Texas") is a Texas corporation with a principal place of business at 6500 Sprint Parkway, Overland Park, Kansas 66251. Nextel of Texas can be served with process through its registered agent, Corporation Service Company, 701 Brazos Street, Suite 1050, Austin, Texas 78701. Nextel of Texas is a subsidiary of Defendant Sprint Nextel.

21. Defendant UNITED STATES CELLULAR CORPORATION ("US Cellular") is a Delaware corporation with its principal place of business at 8410 West Bryn Mawr, Suite 700, Chicago, Illinois 60631. US Cellular can be served with process through its registered agent, The Prentice-Hall Corporation System, Inc., 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

22. Defendant CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS ("Verizon Wireless") is a general partnership organized and existing under the laws of Delaware with its principal place of business at One Verizon Way, Basking Ridge, New Jersey 07920. Verizon Wireless can be served with process through its registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

## II. JURISDICTION AND VENUE

23. This is an action for infringement of United States patents arising under 35 U.S.C. §§ 271, 281, and 284-285, among others. This Court has subject matter jurisdiction of the action under Title 28 U.S.C. §1331 and §1338(a).

24. The Court has personal jurisdiction over each Defendant, and venue is proper pursuant to 28 U.S.C. §§ 1391 and 1400(b). Each Defendant has substantial contacts with the forum as a result of pervasive business activities conducted within the State of Texas and within this District, including but not limited to: (i) the operation of cellular telephone networks; (ii) the marketing, sale and distribution of cellular telephones; (iii) the marketing and sale of services for cellular telephone communications; and (iv) the ownership and operation of stores where Defendants sell their respective products and services.

25. Each Defendant has committed and continues to commit acts of patent infringement, directly and/or through agents and intermediaries, by making, using, selling offering for sale and/or leasing certain infringing products, services, and systems in Texas and, particularly, the Eastern District of Texas. Specifically, each Defendant owns (directly and/or through intermediaries) an infringing cellular telephone network in this District and operates it in an infringing manner. Each Defendant (directly and/or through intermediaries) sells and/or offers for sale cellular telephones and cellular telephone services for communicating with Defendant's cellular network.

### III.  PATENT INFRINGEMENT

26. On January 4, 2000, United States Patent No. 6,011,976 ("the '976 patent") was duly and legally issued for a "Telecommunications System with Value Added Service Directory and an Integrated Circuit Module Therefor." A true and correct copy of the '976 patent is attached hereto as Exhibit "A." On June 23, 2009, United States Patent No. 7,551,933 ("the '933 patent") was duly and legally issued for a "Telecommunications System." A true and correct copy of the '933 patent is attached hereto as Exhibit "B." By virtue of assignment, Celltrace owns all rights, title, and interest in and to the '976 and '933 patents and possesses all rights of

recovery under them, including the right to prosecute this action and to collect damages for all relevant times.

27.     As it pertains to this lawsuit, the '976 and/or '933 patents are infringed by Defendants' ownership, operation, use and provision of cellular networks for communicating with cellular telephones in an infringing manner.

## COUNT I – INFRINGEMENT OF THE '976 PATENT

28.     Plaintiff incorporates each of the allegations in paragraphs 1 though 27 as if fully set forth herein.

29.     Upon information and belief, Defendants AT&T and T-Mobile have infringed and are continuing to infringe, contribute to the infringement of, and/or induce the infringement of, one or more of the claims of the '976 patent (including, at least, claim 2) without Plaintiff's consent or authorization.  Such acts of infringement include, but are not limited to, AT&T and T-Mobile's ownership, operation, use and provision of cellular networks for communicating with cellular telephones via messaging in an infringing manner.

30.     Plaintiff has been damaged as a result of Defendants' infringing conduct. Defendants are, thus, liable to Plaintiff in an amount that adequately compensates it for Defendants' infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT II – INFRINGEMENT OF THE '933 PATENT

31.     Plaintiff incorporates each of the allegations in paragraphs 1 though 27 as if fully set forth herein.

32.     Upon information and belief, all named Defendants have infringed and are continuing to infringe, contribute to the infringement of, and/or induce the infringement of, one or more of the claims of the '933 patent (including, at least, claim 1 with respect to AT&T and

T-Mobile and claim 17 with respect to all other Defendants) without Plaintiff's consent or authorization. Such acts of infringement include, but are not limited to, each Defendant's ownership, operation, use and provision of cellular networks for communicating with cellular telephones via messaging in an infringing manner.

33. Plaintiff has been damaged as a result of Defendants' infringing conduct. Defendants are, thus, liable to Plaintiff in an amount that adequately compensates it for Defendants' infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## IV.  JURY DEMAND

Plaintiff hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## V.  PRAYER FOR RELIEF

Plaintiff requests that the Court find in its favor and against Defendants, and that the Court grant Plaintiff the following relief:

a. Judgment that one or more claims of United States Patent No. 6,011,976 and/or United States Patent No. 7,551,933 have been infringed, either literally and/or under the doctrine of equivalents, by one or more Defendants and/or by others to whose infringement Defendants have contributed and/or by others whose infringement has been induced by Defendants;

b. Judgment that Defendants account for and pay to Plaintiff all damages to and costs incurred by Plaintiff because of Defendants' infringing activities and other conduct complained of herein;

c. That Plaintiff be granted pre-judgment and post-judgment interest on the damages caused by Defendants' infringing activities and other conduct complained of herein;

d. That this Court declare this an exceptional case and award Plaintiff its reasonable attorney's fees and costs in accordance with 35 U.S.C. § 285; and

e. That Plaintiff be granted such other and further relief as the Court may deem just and proper under the circumstances.

Respectfully submitted,

_/s/ Eric M. Albritton_
Eric M. Albritton
Texas State Bar No. 00790215
ALBRITTON LAW FIRM
P.O. Box 2649
Longview, TX 75606
(903) 757-8449
(903) 758-7397 (fax)
ema@emafirm.com

Brent N. Bumgardner
Texas State Bar No. 00795272
Edward R. Nelson, III
Texas State Bar No. 00797142
Barry J. Bumgardner
Texas State Bar No. 00793424
Christie B. Lindsey
Texas State Bar No. 24041918
NELSON BUMGARDNER CASTO, P.C.
5601 Bridge Street, Suite 300
Fort Worth, Texas 76112
(817) 377-9111
(817) 377-3485 (fax)
bbumgardner@nbclaw.net
enelson@nbclaw.net
bbumgardner@nbclaw.net
clindsey@nbclaw.net

Leslie D. Ware
State Bar No. 00785179
lware@thewarefirm.com
Donald Puckett
State Bar No. 24013358
dpuckett@thewarefirm.com
Mark W. Born
State Bar No. 24034334
mborn@thewarefirm.com
THE WARE FIRM
2102 Cedar Springs Road, Suite 1900
Dallas, Texas 75201
(214) 744-5000
(214) 744-5013 (fax)

T. John Ward, Jr.
Texas State Bar No. 00794818
WARD & SMITH LAW FIRM
P.O. Box 1231
Longview, Texas 75606
(903) 757-6400
(903) 757-2323 (fax)
jw@jwfirm.com

**ATTORNEYS FOR PLAINTIFF
CELLTRACE LLC**